**CRAIG M. TERKOWITZ**
**By:  Derek A. Ondis, Esq.**
**I.D.#:  71753**
860 CENTENNIAL AVENUE
POST OFFICE BOX 1487
PISCATAWAY, NEW JERSEY 08855-1487
732-885-1500
ATTORNEY FOR DEFENDANTS Anthony Goslin and Southern New Jersey Steel Co., Inc.

DAO/P6376

| | | |
|---|---|---|
| STEVEN DOHERTY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JULIANNA DOHERTY, A MINOR, AND DENISE DOHERTY | : )  )  )  ) | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA |
| | ) | CIVIL ACTION NO. 02-CV-2689 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | *CIVIL ACTION* |
| ANTHONY GOSLIN AND SOUTHERN NEW JERSEY STEEL CO., INC. | )  ) | |
| Defendants. | )  )  : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

**PRELIMINARY STATEMENT**

Plaintiff has filed a motion to remand this matter to the Philadelphia Court of Common Pleas based on an alleged defect in the service of the Notice of Removal.  There is no dispute that the Removal was filed in a timely manner.  Further, the Notice of Removal was served on the Prothonotary of the Philadelphia Court of Common Pleas prior to the expiration of the 30-day time period for filing the removal.  The Philadelphia Court of Common Pleas has twice sent the materials back due to clerical confusion in the Prothonotary's office.  Further, while Plaintiff's attorney did

not receive a copy of the Notice of Removal until May 21, 2002, Plaintiffs cannot and do not point

to any prejudice they have suffered nor any delay in the prosecution of this matter.

### STATEMENT OF FACTS

On May 2, 2002, this office sent via overnight UPS delivery service a Notice of Removal to

the Clerk of the Federal Court in Philadelphia.  A copy of the Notice of Removal was also sent via

UPS overnight delivery to the Prothonotary of the Court of Common Pleas.  At that time, a copy was

also served upon Mark Caira, Esq., who represents another potential claimant that was involved in

the automobile accident that gives rise to the matter.  Service upon James Mundy, Esq., attorney for

the Dohertys, was inadvertently not completed until May 21, 2002.  Once the error was discovered,

Mr. Mundy was notified of the Notice of Removal.

### LEGAL ARGUMENT

**I.      There is no dispute that the Removal was timely.**

Plaintiffs concede that the removal was filed within a timely manner with the Clerk of the

United States District Court for the Eastern District of Pennsylvania  (Plaintiff's Statement of Facts,

Paragraph 4).

**II.     Notice of Removal was timely served on the Prothonotary of the Philadelphia
         Court of Common Pleas.**

As Plaintiff notes at Paragraph 6 of their Statement of Facts, service was accomplished on

the Prothonotary on May 2, 2002.  Unbeknownst to Plaintiff, the Prothonotary has twice returned

the Notice of Removal, misunderstanding what the documents were. The Prothonotary has indicated

to this office that they, for some reason, believed that we were attempting to file a wrongful death

action.  We received the Notice of Removal from the Prothonotary on May 10, 2002 and again

received it back on May 31, 2002 due to this confusion.  On June 4, 2002, after additional telephone calls to the Prothonotary, the same original notice was sent for filing to the Prothonotary.  See attached Certification of Derek A. Ondis, Esq. at Paragraphs 2 through 5.

### III.    The Notice of Removal was Promptly Served Upon Plaintiff's Attorney.

As Plaintiff's attorney correctly points out, "promptly" is not defined within the Federal Rules of Civil Procedure.  Defendants agree that "promptly", as commonly defined, means as soon as practicable.  In this matter, as stated above, counsel for a different plaintiff in this action was copied on the original Notice of Removal.  As soon as it was discovered that Mr. Mundy had not been copied, he was copied and an Amended Certification of Service was filed with this Court.  See Certification of Derek A. Ondis, Esq.  at Paragraphs 6 through 7.

There is no dispute that the Notice of Removal was timely filed.  There is no requirement that the notice to the adverse parties take place within a 30-day period.  Here, Plaintiff complains of a delay of 18 days.  Therefore, this slight delay should not vitiate a timely filed removal.  <u>Jones v. Elliott</u>, 94 F. Supp. 567 (E.D. Va. 1950).

In this matter, Plaintiff's attorney does not complain of prejudice nor allege that this insignificant delay will delay the resolution of this matter in any way.  As such, Plaintiff's Motion for Remand should be denied.

LAW OFFICES OF CRAIG M. TERKOWITZ
Attorneys for Defendants


_____
BY:  Derek A. Ondis

DATE:  June 11, 2002

**CRAIG M. TERKOWITZ**
**By:  Derek A. Ondis, Esq.**
**I.D.#:  71753**
860 CENTENNIAL AVENUE
POST OFFICE BOX 1487
PISCATAWAY, NEW JERSEY 08855-1487
732-885-1500
ATTORNEY FOR DEFENDANTS Anthony Goslin and Southern New Jersey Steel Co., Inc.

DAO/P6376

| | | |
|---|---|---|
| STEVEN DOHERTY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JULIANNA DOHERTY, A MINOR, AND DENISE DOHERTY | : ) ) ) | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA |
| | ) | CIVIL ACTION NO. 02-CV-2689 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | *CIVIL ACTION* |
| ANTHONY GOSLIN AND SOUTHERN NEW JERSEY STEEL CO., INC. | ) ) | **CERTIFICATION OF DEREK A. ONDIS** |
| Defendants. | ) : | |

Derek A. Ondis, Esq., of full age, hereby certifies as follows:

1.      I am associated with the Law Office of Craig M. Terkowitz, attorneys for Defendants Anthony Goslin and Southern New Jersey Steel Co., Inc. in the captioned matter.  As such, I have full knowledge of the facts set forth herein.

2.      On May 2, 2002, a Notice for Removal was sent via overnight mail to the Clerk of the Eastern District of Pennsylvania.  At the same time, a copy of the Notice for Removal was forwarded to the Prothonotary of the Philadelphia Court of Common Pleas.  On May 10, 2002, this office received the Notice of Removal back from the Prothonotary, noting that it had been improperly filed.  Upon contacting the Prothonotary, they indicated that an additional fee was due.

3.      On May 20, 2002, this office again sent the Notice of Removal back for filing to the Prothonotary.

4.      On May 31, 2002, we again received the Notice of Removal back from the Prothonotary.

5.      On June 4, 2002, this office again sent the Notice of Removal to the Prothonotary. Also on that day, we received Plaintiff's Motion for Remand.

6.      On May 13, 2002, this office received correspondence from Mark Caira's office questioning why they had been served with the Removal. Mr. Caira represents another Claimant involved in the same accident but his office has not yet filed suit on that Claimant's behalf.

7.      Upon receipt of Mr. Caira's letter, service of the Notice of Removal was made on Mr. Mundy by U.S.P.S. First Class mail.

LAW OFFICES OF CRAIG M. TERKOWITZ
Attorneys for Defendants


_____
BY:  Derek A. Ondis

DATE:  June 11, 2002