IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN DOHERTY, Individually and as Administrator of the Estate of JULIANNA DOHERTY, a minor, and DENISE DOHERTY | : : : : : | CIVIL ACTION |
| v. | : : | |
| ANTHONY GOSLIN and SOUTHERN NEW JERSEY STEEL, INC. | : : | NO. 02 CV 2689 |

**MEMORANDUM AND ORDER**

Presently before the Court is Plaintiff's Motion for Remand to the Court of Common Pleas of Philadelphia County. (Doc. No. 3.) For the reasons that follow, Plaintiff's Motion will be granted.

On March 28, 2002, Plaintiff, Steven Doherty ("Plaintiff"), commenced this civil action in the Philadelphia Court of Common Pleas. Service of the Complaint on Defendants Anthony Goslin and Southern New Jersey Steel, Inc. (collectively, "Defendants") was accomplished on April 5, 2002. (Pl.'s Mot., Ex. A.) On May 3, 2002, Defendants (both represented by the same attorney) filed a Notice of Removal in this Court. On May 21, 2002, counsel for Plaintiff, for the first time, received written notice of the removal. As of May 30, 2002, the docket in the Court of Common Pleas of Philadelphia reflected that no Notice of Removal had been filed with the Clerk of that court. (Pl.'s Mot., Ex. B.) Plaintiff filed the instant Motion For Remand on May 31, 2002, arguing that Defendants failed to comply with certain procedural requirements in removing this action to federal court. Specifically, Plaintiff contends that Defendants failed to promptly give written notice of removal to Plaintiff and failed to promptly file a notice of removal with the

clerk of the state court.

The procedure for removing a civil action from a state court to a federal court is governed by 28 U.S.C. § 1446. Section 1446 provides, in relevant part, as follows:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Where there has been undue delay in providing notice of removal to the adverse parties, a court may remand the action to the state court. 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3736 at 378-79 (1998). In considering the issue of what constitutes prompt notice under § 1446(d), the courts have not always agreed. *Compare Coletti v. Ovaltine Food Prods.*, 274 F. Supp. 719, 723 (D.P.R. 1967) (holding that five day delay justifies remand) *with Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 422 (D.S.C. 1975) (holding that notice accomplished seven days after filing of removal petition was prompt) *and Alpena Power Co. v. Utility Workers Union of America, Local 286*, 674 F. Supp. 1286, 1287-88

(E.D. Mich. 1987) (declaring a new rule that periods of eleven days are within the range of promptness, thereby providing "concrete parameters to define the previously amorphous concept of "prompt") *and Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (holding that a delay of thirty-six days in notifying the state court of removal was "relatively short" and harmless). The Third Circuit, while not squarely addressing the promptness requirement of § 1446(d), has indicated that a delay of thirty-four days would not be considered prompt. *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 69 (3d Cir. 1993) (stating that defendant was treating its obligation under § 1446(d) "casually" when it waited thirty-four days before filing a notice of removal with the state court).

In the instant case, Plaintiff argues that Defendants failed entirely to comply with the prompt notice requirements of § 1446(d). Plaintiff argues that Defendants failed to provide written notice of removal to Plaintiff until eighteen days after removal to the District Court. Plaintiff's counsel states in an affidavit that he was first notified of the removal on May 21, 2002, and that this notice was sent via regular mail on May 15, 2002. (Pl.'s Mot., Ex. C.)

Apparently, on May 2, 2002, Defendants mistakenly served the required written notice on an attorney not involved in the instant case. (Amended Certification of Filing and Service.) Defendants' counsel discovered his error on May 13, 2002. Rather than promptly calling or sending a fax to Plaintiff's counsel advising of the mistake, Defendants waited two days and then sent the Notice of Removal to Plaintiff's counsel by regular mail. (Certification of Derek A. Ondis & Amended Certification of Filing and Service.) This extended the delay and notice was not received by Plaintiff's counsel until May 21, 2002, eighteen days after the Notice of Removal had been filed in this Court. (Amended Certification of Filing and Service.)

In addition, as of May 30, 2002, twenty-seven days after removal, the docket of the Philadelphia Court reflected that notice of removal had not been filed.  Defendants argue that the Notice of Removal was timely served on the Prothonotary of the Court of Common Pleas of Philadelphia County on May 2, 2002, but that the Prothonotary twice returned the Notice of Removal to Defendants because of a misunderstanding as to the nature of the document.  We have no documentation of this misunderstanding.  Moreover, removal to this Court from the Philadelphia County Court is a routine occurrence.  In any event, twenty-seven days after the Notice of Removal was filed in this matter, Defendants still had not taken steps to ensure that notice of removal had been properly filed in the state court.  In fact, we do not know whether this requirement of § 1446(d) has been satisfied even as of this date.  We only know that on June 4, 2002 Defendants, for the third time, sent Notice of Removal by mail to the Philadelphia court.

Defendants have the burden of establishing that the removal procedures were properly complied with.  They have not met their burden.  *See, e.g., Dubin v. Principal Fin. Group*, Civ. A. No. 01-079, 2001 U.S. Dist. LEXIS 6274, at *3-4 (E.D. Pa. May 15, 2001) (citing *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995)).  Their treatment of their obligation under § 1446(d) can best be characterized as casual.  Accordingly, we will grant Plaintiff's Motion For Remand.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN DOHERTY, Individually and as Administrator of the Estate of JULIANNA DOHERTY, a minor, and DENISE DOHERTY | : : : : : | CIVIL ACTION |
| v. | : : | |
| ANTHONY GOSLIN and SOUTHERN NEW JERSEY STEEL, INC. | : : | NO. 02 CV 2689 |

## **ORDER**

AND NOW, this     day of July, 2002, upon consideration of Plaintiff's Motion for Remand (Doc. No. 3) and Defendants' response thereto, it is ORDERED that Plaintiff's Motion is GRANTED and this matter is REMANDED to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

_____
R. Barclay Surrick, Judge